IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Darlene Sue Hook, | Case No. 6:16-cv-78-TLW-KFM |
|---|---|
| PLAINTIFF | |
| v. | |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | **ORDER** |
| DEFENDANT | |

Plaintiff Darlene Sue Hook brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. ECF No. 1. This matter is before the Court for review of the Report and Recommendation (R&R) filed by United States Magistrate Judge McDonald to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF No. 21. In the R&R, the Magistrate Judge recommends affirming the Commissioner's decision. Plaintiff filed objections to the R&R, and the Commissioner replied. ECF Nos. 23, 24. This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report

> thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

After a careful review of the R&R, the objections filed by Plaintiff, the reply filed by the Commissioner, and the record related to the R&R and the objections, this Court accepts the Magistrate Judge's conclusion that the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence and free from error.

In her objections, Plaintiff contends that the Magistrate Judge overlooked the ALJ's alleged failure to consider nonexertional limitations based on pain and fatigue when the ALJ determined Plaintiff's residual functioning capacity (RFC) and, at step five of the sequential evaluation process, when the ALJ relied on the medical-vocational guidelines rather than on vocational expert testimony. ECF No. 23 at 1. This Court disagrees.

The Magistrate Judge concluded that the ALJ correctly determined Plaintiff's RFC based on an independent analysis of the relevant medical and other evidence and determined Plaintiff's allegations concerning pain and fatigue were not fully credible. ECF No. 21 at 21. Next, based on his conclusion regarding the RFC, the Magistrate Judge found that the ALJ did not err in the application of the medical-vocational guidelines at step five. *Id*. at 23. As the Magistrate Judge stated, the ALJ explained that Plaintiff's postural limitations would not significantly erode the occupational base of unskilled, light work, and the ALJ relied on the appropriate agency ruling to find that limitations in frequent overhead reaching would not significantly erode the occupational base of light work. *Id.* The Magistrate Judge also noted that Plaintiff's argument that the ALJ erroneously relied on the medical-vocational guidelines based on her additional non-exertional limitations from pain and fatigue is without merit; as discussed, the ALJ did not find that Plaintiff

2

was credible with respect to these allegations and, thus, the ALJ appropriately did not include additional limitations in his RFC determination. *Id*. at 22-24.

This Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings and concludes that Plaintiff failed to demonstrate any error by the ALJ. Therefore, in light of the standard set forth in *Wallace*, Plaintiff's objections are overruled, and the R&R is accepted. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Chief United States District Judge

August 23, 2017
Columbia, South Carolina